UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SARAH S. WASHBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. CV412-005 |
| vs. | ) | |
| | ) | |
| HOOVER CHRYSLER JEEP OF SAVANNAH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendant that the following terms and provisions will govern the production and use of certain private, confidential, or proprietary information, whether it be documents or other evidence ("Confidential Information"), to be disclosed through discovery or otherwise obtained in the above referenced action by Plaintiff, Defendant, or third-parties as itemized below.

1. The Confidential Information disclosed during discovery includes information that either party deems to be private, confidential or proprietary. Such information includes, without limitation, documents relating to the following matters: private information of third parties, and financial and competitive business information, including, but not limited to, customer names, phone numbers, and addresses, and customer service data.

2. The Confidential Information is entitled to protection under the Federal Rules of Civil Procedure and other applicable law against disclosure to other individuals and entities not parties to this lawsuit and against use by the parties for purposes other than this litigation.

3. The party seeking protection will designate its Confidential Information as confidential by affixing to documents, by stamp or otherwise, a clear statement that the material

is confidential. In deposition, counsel for either side may designate deposition testimony as Confidential Information, as defined in this Stipulation and Protective Order.

    4.    The Confidential Information:

    (a)    Shall be used only for the purposes of this litigation involving these parties and may not be used for any purpose outside the reasonable conduct of this case; and

    (b)    Shall not be disclosed to anyone other than the Plaintiff, Defendant, their respective attorneys, their attorneys' employees, witnesses, experts as defined by applicable rules of procedure and evidence (whether or not designated as an expert for trial), the court reporter at depositions, and the Court and its personnel; and

    (c)    It is the disclosing party's obligation to inform the individual(s) to whom the information is to be disclosed of the nature of this Stipulation and Protective Order and in particular of the designation of particular information as confidential.

    (d)    Moreover, a party may request that the Court allow such party to designate certain information, including without limitation medical and personnel information, as "attorney's eyes only" and such information shall not be shared with the attorney's client(s) or with any witness absent prior approval between counsel or upon further order of the Court.

    5.    Upon the termination of this action, including all appeals, each party and its counsel shall return to the other party <u>all</u> documents and materials provided through discovery or otherwise disclosed in this litigation, as well as any copies thereof, which are not entered into the record as an exhibit, whether or not they are designated as confidential, unless the parties shall have agreed to appropriate methods for the destruction of such material.

6.    Nothing contained in this Stipulation of Confidentiality and Protective Order shall preclude a party's use or disclosure of its own Confidential Information in any manner that it was entitled to use or disclose before and absent this litigation.

7.    Nothing contained in this Stipulation of Confidentiality and Protective Order shall preclude the use of Confidential Information at trial, hearing, or deposition, as well as in the making of motions and preparing for trial, subject to the provisions of paragraphs 3 and 4.

8.    Nothing in this Stipulation of Confidentiality and Protective Order shall affect the rights of any party to seek whatever relief is available to it under the applicable rules of procedure and evidence.

9.    Nothing in this Stipulation of Confidentiality and Protective Order shall determine whether any information is subject to discovery or whether any evidence is admissible into evidence.

10.    All parties request that the Court enter this Stipulation of Confidentiality as an order of the Court. In the event the Court declines to sign this Order, all parties stipulate and agree to remain bound by the contents of this Stipulation of Confidentiality and Protective Order until the conclusion of this litigation, including all appeals.

11.    Violation of this Order is subject to the full contempt powers and sanctions of the Court as with any other Order.

**CONSENTED AND AGREED TO:**

| | |
|---|---|
| **HUNTER, MACLEAN, EXLEY & DUNN, P.C.** | **RAY C. SMITH** |
| | |
| s/Sarah H. Lamar | s/Ray C. Smith |
| Sarah H. Lamar | Ray C. Smith |
| Georgia Bar No. 431185 | Georgia Bar No. 662550 |
| | |
| P.O. Box 9848 | 10153 Ford Avenue |
| 200 E. St. Julian Street | Richmond Hill, GA 31324 |
| Savannah, GA 31412-0048 | (912) 756-3318 (phone) |
| 912-236-0261 (phone) | w458@raycsmithatty.net |
| 912-236-4936 (fax) | |
| slamar@huntermaclean.com | |
| | |
| **Attorneys for Defendant** | **Attorney for Plaintiff** |

**IT IS SO ORDERED:**

This 31st day of May, 2012.

_____
Magistrate Judge, United States District Court
Southern District of Georgia

Prepared By:
Sarah H. Lamar
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31401
(912) 236-0261