# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SARAH WASHBURN,                  )
                                 )
     Plaintiff,          )
                                 )
v.                               )          Case No. CV412-005
                                 )
HOOVER CHRYSLER JEEP             )
OF SAVANNAH, INC.                )
                                 )
     Defendant.          )

## O R D E R

In this employment-discrimination case the Court is asked to quash a subpoena. Doc. 16. While employed as a service advisor at Hoover Chrysler Jeep of Savannah, Inc., Sarah Washburn was fired because she "did not fit the future plans of the dealership." Doc. 15 at 2 ¶ 7.[1] She "was not counseled or otherwise disciplined and contends she was fired because of her sex, female, and her orientation, gay." *Id.* In addition to collecting unemployment insurance, doc. 18 at 1-2, she sued Hoover for, *inter alia*, employment discrimination. Doc. 15 at 3-4 ¶ 9; *see also* doc. 1-4 at 2-3 (complaint). In quest of discoverable information on Hoover's

---

[1] For the purposes of this Order only, the Court is accepting as true plaintiff's factual assertions within the parties' Joint Status Report.

reason for firing her, she subpoenaed the Georgia Department of Labor (GDL) for her unemployment hearing transcript.[2]  Doc. 16-2.

Invoking Fed. R. Civ. P. 45(c)(3)(A)(iv), the GDL moves to quash that subpoena, doc. 16,  contending that O.C.G.A. § 34-8-121 -- a privacy protecting statute -- prohibits its release.  Doc. 16-1 at 2.  The GDL says it "will need an order in accordance with O.C.G.A. § 34-8-126[3] to disclose

---

[2]  In Georgia, unemployment compensation is denied to those fired for, *inter alia*, failing to obey the employer's instructions.  *See, e.g., McCauley v. Thurmond*, 311 Ga. App. 636, 639-41 (2011) (evidence supported conclusion that unemployment compensation claimant was terminated from her employment because she failed to obey orders, rules, or instructions, and, thus, she was not entitled to benefits); O.C.G.A. § 34-8-194(2); GA. EMPLOYMENT LAW § 6:4 (4th ed. Apr. 2012).

[3]  That statute provides:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records. Information or records deemed private and confidential under this chapter shall not be available in discovery proceedings unless the court in which the action has been filed has made the finding specified above. *A judicial or administrative subpoena or order directed to the department must contain this finding.* A subpoena for records or information held by the department may be directed to and served upon any employee of the department, but the department may specify by rule or regulation which employee shall produce the records or information in compliance with the subpoena.

O.C.G.A. § 34-8-126 (emphasis added).  O.C.G.A. § 34-8-126 may be read to conflict with O.C.G.A. § 34-8-121(b)(3) ("Information, statements, transcriptions of proceedings . . . shall not be subject to subpoena in any civil action or proceeding, published, or open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity; but any claimant, employer, or a duly authorized

whether there are responsive records or to produce or testify about such records." Doc. 16-1 at 3 n. 2 (footnote added).

Washburn says the GDL "claims examiner received testimony and documentary evidence and allowed cross-examination and rebuttal, as well as argument." Doc. 18 at 2. Ultimately, she points, out, *id.*, the claims examiner granted her unemployment compensation, finding that "[t]he facts show that you did not fail to follow employer's rules, orders or instructions." Doc. 18-5 (GDL decision awarding Washburn benefits).

---

representative, at a hearing before an administrative hearing officer or the board of review, shall be supplied with information from such records to the extent necessary for the proper presentation of his or her claim.").

However, the GDL itself interprets § 34-8-126 as controlling -- it states to this Court that it requires a court order to comply with the subpoena. Doc. 16-1 at 3 n. 2; *see also id.* n. 3 (explaining how it will comply, operationally, once it receives a court order). "[J]udicial deference is to be afforded the agency's interpretation of statutes it is charged with enforcing or administering," *Northeast Georgia Cancer Care, LLC v. Blue Cross and Blue Shield of Georgia, Inc.*, ___ Ga. App. ___, 2012 WL 1021046 at * 4 (Mar. 28, 2012) (quotes and cite omitted), though it is not absolute. *Georgia Power Co. v. Ga Pub. Serv. Com'n*, 296 Ga. App. 556, 559 (2009).

The GDL's statutory interpretation is reasonable, as it honors the balance the Georgia legislature articulated in O.C.G.A. § 34-8-120(a) ("This article is intended to reconcile the free access to public records . . . and the discovery rights of judicial and administrative systems with the historical confidentiality of certain records of the department and the individual's right of privacy."). It also jibes with § 34-8-122(b), reproduced in n. 4 *infra*, which governs the use of such information *in court*. For that matter, the scheme protects the identity of the parties and what they say to the GDL. But here the parties' identities are already publicly disclosed in *this* lawsuit and, as explained *infra*, what was said at the GDL hearing is especially relevant to what is expected to be testified to in this Court.

Washburn contends that the hearing transcript is "relevant and amenable to a subpoena." Doc. 18 at 4.

Asserting its own privacy interest, Hoover wants Washburn's subpoena quashed, arguing that "Georgia law protects employers like Hoover by providing that their agents' testimony in unemployment hearings will be 'confidential and not subject to civil subpoena.' O.C.G.A. § 34-8-121(b)(3)." Doc. 19 at 2. And assertions that the transcript is needed for cross-examination and impeachment purposes,[4] it contends, is insufficient to overcome Georgia's straightforward statutory prohibition. *Id.* Hoover concludes that "Washburn's arguments about relevancy and

---

[4] The statute bars the admissibility of such information in court, though not its use for cross-examination purposes:

> Any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review, or any other person acting under the authority of the Commissioner with respect to this chapter shall not be admissible, binding, or conclusive in any separate or subsequent action or proceeding between a person and such person's present or previous employer brought before *any court of this state or the United States* or before any local, state, or federal administrative agency, regardless of whether the prior action was between the same or related parties or involved the same or similar facts; provided, however, any finding of fact or law, judgment, determination, conclusion, or final order made as described in this chapter shall be admissible in proceedings before the Commissioner.

O.C.G.A. § 34-8-122(b) (emphasis added).

admissibility are thus premature and irrelevant," though it does not explain why.

The Court **DENIES** the GDL's motion to quash. Doc. 16. The essence of Washburn's claim is that Hoover unlawfully discriminated against her. Her claim thus contemplates burden-shifting levels of proof over whether Hoover's proffered discharge reason (presumably, that she failed to obey her employer) is pretextual. *See, e.g.*, *Castillo v. Roche Laboratories, Inc.*, 2012 WL 1648873 at * 2 (11th Cir. May 11, 2012) ("We evaluate Title VII claims based upon circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)."); *see also id.* at * 3 ("A plaintiff may show pretext either directly, by persuading the court that a discriminatory or retaliatory reason more likely than not motivated the employer, or indirectly, by showing that the proffered reasons are unworthy of credence.").

What Hoover's management said at a GDL hearing about its discharge reason is obviously relevant to the core issue here, where only reasonable relevancy need be shown. *Barton v. Parker*, 2001 WL 34049915 at * 2 (N.D. Ga. Dec. 13, 2001) (enforcing administrative

subpoena to GDL in quest of security and passport numbers because they were reasonably relevant to show whether onion farmer fired United States citizens in order to hire immigrant laborers).  The Court finds that "that the need for the information or records in [this] proceeding outweighs any reasons for the privacy and confidentiality of the information or records," O.C.G.A. § 34-8-126, and intends this Order to assist the GDL in complying with that statute.  *See* doc. 16-1 at 3 n. 3.

**SO ORDERED** this  14th  day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA